UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| PRATTHANA ANSPACH, | ) | CIV. NO. 10-5080-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING** |
| vs. | ) | **PLAINTIFF** |
| | ) | **ATTORNEY'S FEES** |
| UNITED OF OMAHA LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Previously, this court granted plaintiff Pratthana Anspach's motion to compel discovery from defendant United of Omaha Life Insurance Company ("United"). See Docket No. 28. Pending before the court is Ms. Andpach's request for attorney's fees of $5,731.95 as sanctions in connection with that motion. See Docket No. 32 and 32-1. United objects to the requested amount and suggests that an appropriate award would be $1,500. See Docket No. 33.

**DISCUSSION**

**A.    Lodestar Method of Determining Reasonable Award of Attorney's Fees**

The court must evaluate Ms. Anspach's request for attorney's fees to determine whether it is reasonable. In determining a reasonable award of attorney's fees under Fed. R. Civ. P. 37, the court begins by figuring the lodestar, which is calculated by multiplying the number of hours reasonably

expended by the reasonable hourly rates.  Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorneys' fees is reasonable.  Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

**B.     Reasonable Hourly Rate**

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated.  Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffy v. Northwest Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984) (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community.) In this case, Ms. Anspach has submitted a request for attorney's fees based on a normal hourly rate of $200.00 per hour for both attorney Gregory Sperlich and attorney Michael Wheeler.

United does not object to this hourly rate for either of Ms. Anspach's attorneys, but does note that it is at the high end of prevailing local rates. See Docket No. 33, page 3, n.2. Neither party has submitted information about the prevailing hourly attorney rates in the District of South Dakota. The court can determine those rates based on its own knowledge of prevailing rates here. See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates"). Experienced, partner-level trial counsel in this community have received awards of attorneys fees ranging from $200.00 per hour to $225.00 per hour in lawsuits requiring highly specialized knowledge. See Cottier v. City of Martin, Civ. No. 02-5021, Docket No. 469, page 6 (D.S.D. March 25, 2008); Bone Shirt v. Hazeltine, Civ. No. 01-3032, Docket No. 411, page 4 (D.S.D. June 22, 2006). In other cases where the hourly rate is limited by statute, courts have awarded fees based on an hourly rate of $150 per hour. See Kahle v. , Civ. No. 04-5024, Docket No. 259 (D.S.D. July 14, 2008). In awards of attorneys fees as sanctions for motions to compel, the hourly rates of attorneys' fees have ranged from $145 per hour to $250 per hour. See Heil v. Belle Starr Saloon & Casino, Inc., Civ. No. 09-5074, Docket No. 68 (D.S.D.); Beyer v. Medco Ins. Group, Civ. No. 08-5058, Docket No. 65 (D.S.D.); Howard Johnson Internat'l, Inc. v. Inn Development, Inc., Civ. No. 07-

1024, Docket No. 73 (D.S.D.); Oyen v. Land O'Lakes Inc., Civ. 07-4112, Docket Nos. 56, 62 (D.S.D.).

The court concludes on the basis of its own knowledge of prevailing rates in the District of South Dakota and also based on recent awards of attorney's fees that $200.00 per hour is a reasonable hourly rate for Mr. Sperlich and Mr. Wheeler's time.

**C.  Reasonable Hours**

The court must also determine whether the number of hours spent by Ms. Anspach's attorneys was reasonable. United argues that 27 hours of time spent on the motion to compel is unreasonable, especially where the attorneys' time records do not break down their time on the specific issues. Other courts have held that 30 and 21 hours spent in researching and drafting a discovery motion were a disproportionate amount of time for the nature of the dispute. See Criterion 508 Solutions, Inc. v. Lockheed Martin Services, Inc., 255 F.R.D. 489, 496 (S.D. Ia. 2008) and Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 680 (S.D. Ia. 1992).

In this district, this court has approved requests for attorneys fees ranging from $1,041.45 to $1,509.97 for run-of-the-mill motions to compel. See Heil, Civ. No. 09-5074, Docket No. 68 ($1,041.45 awarded); Howard Johnson Internat'l. Inc., Civ. No. 07-1024, Docket No. 73 ($1,453.50 awarded); Oyen, Civ. No. 07-4112, Docket Nos. 56 and 62 ($!,509.97 awarded to

defendant on defendant's motion to compel; $1,140.75 awarded to plaintiff on plaintiff's motion to compel).

In one extraordinary case in which the plaintiff made a detailed motion to compel involving numerous issues, the court granted that motion, and then plaintiff had to make a second motion to compel when the defendant refused to comply with the court' previous order, the court awarded $13,480 in attorneys' fees. See Beyer, Civ. No. 08-5058, Docket No. 65 (D.S.D.).

Here, Ms. Anspach presented a number of issues in her motion to compel, but the issues were not complex or difficult. In addition, the court found that United's position on two of the discovery requests did not prevent discovery, but that United's position was nevertheless substantially justified. Ms. Anspach requests compensation for a total of 27 hours on her motion to compel.

The court notes that the brief in support of the motion to compel was only 19 pages. See Docket No. 18. There was only one brief as no reply on the motion was filed. That means that Ms. Anspach's attorneys spent approximately one and one-quarter hour to produce each page of writing. At lease six of those pages were simply setting forth facts.

This is unreasonable. Certainly there are some complex areas of the law such as antitrust law which might warrant such time-intensive research and careful writing. However, the issues in Ms. Anspach's motion to compel were

not of such a nature. Most of the discovery arguments centered around disputes as to relevancy. ERISA was discussed, but discovery did not hinge on a nuanced understanding of that complex statutory scheme, but rather on whether United was really asserting a claim that Ms. Anspach's case fell under the provisions of ERISA or whether United had dropped that assertion.

Furthermore, because the time entries for each attorney are not issue-specific, the court cannot ascertain whether there is any duplication of effort between Mr. Sperlich and Mr. Wheeler. Ultimately, the burden is on Ms. Anspach to prove that her request for attorneys' fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459. By submitting a generalized, non-specific billing statement, Ms. Anspach has not carried her burden.

United's suggestion of an award of $1,500 in attorney's fees appears arbitrary. United never explains where that figure comes from.

In reviewing prior similar motions, the court notes that attorneys have spent anywhere from 4.8 hours to 10.9 hours on routine motions to compel. See Heil, Civ. No. 09-5074, Docket No. 68; Howard Johnson Internat'l. Inc., Civ. No. 07-1024, Docket No. 73; Oyen, Civ. No. 07-4112, Docket No. 56. Giving Ms. Anspach the benefit of the doubt, the court finds that a reasonable number of hours to have spent on her motion to compel would be 10 hours. At

ten hours, and an hourly rate of $200 per hour, Ms. Anspach is entitled to reasonable attorneys fees in the amount of $2,000 plus sales tax of $120. Ms. Anspach's request of $7.50 for copying costs is reasonable as well.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that United of Omaha Life Insurance Company shall pay to Pratthana Anspach the sum of $2,127.50 as reasonable attorneys fees, sales tax, and costs incurred by United's refusal to respond to Ms. Anspach's discovery requests and the corresponding necessity for Ms. Anspach to file her motion to compel.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated October 12, 2011.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE